# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ICG TYGART VALLEY, LLC,**
**Employer Below, Petitioner**

**FILED**
**September 26, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-228**          (JCN: 2022006007)

**EDGAR R. GREENE,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner ICG Tygart Valley, LLC ("Tygart") appeals the May 3, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Edgar R. Greene filed a response.[1] Tygart did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's (1) August 12, 2022, order granting Mr. Greene a 13% permanent partial disability ("PPD") award and (2) September 26, 2022, order, which denied authorization for a thoracic MRI. The Board, instead, authorized the thoracic MRI and awarded Mr. Greene an additional 14% PPD for a total award of 27% PPD.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Greene was injured while working for Tygart on September 24, 2021, when he was hit by a mine cable. Mr. Greene suffered extensive injuries including fractures to the C6 and C7 vertebra, a fracture of the right T1 transverse process, fractures of several ribs, a right shoulder contusion, damage to both lungs, fractured bones in his right arm, and damage to bones in his throat.[2]

On August 12, 2022, the claim administrator granted Mr. Greene a 13% PPD award based on the report of Chuan Fang Jin, M.D.[3] The claim administrator issued an order dated

---

[1] Tygart is represented by Celeste E. Webb, Esq., and John P. Fuller, Esq. Mr. Greene is represented by Robert F. Vaughan, Esq.

[2] The compensability order was not submitted into the record below.

[3] This report was not submitted into the record below.

1

September 26, 2022, which denied authorization for a thoracic MRI and a lumbar MRI. Mr. Greene protested these orders.

Mr. Greene was evaluated by Bruce Guberman, M.D., on November 3, 2022. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Guberman found that Mr. Greene had an 8% whole person impairment ("WPI") for the cervical spine, a 7% WPI for the thoracic spine, and a 15% WPI for the right upper arm injury, which includes the right shoulder, right wrist, and right forearm. Dr. Guberman combined these ratings and converted them for a total of 27% WPI.

On May 3, 2023, the Board reversed the claim administrator's August 12, 2022, order granting Mr. Greene a 13% PPD and the September 26, 2022, order, which denied authorization for a thoracic MRI award. The Board, instead, authorized the thoracic MRI and granted Mr. Greene an additional 14% PPD for a total award of 27% PPD. The Board found that Mr. Greene established that he suffered a 27% WPI and that a thoracic MRI was medically necessary and reasonably related to the compensable injuries. Tygart now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Tygart argues that Dr. Guberman's report is invalid because it includes a rating for a noncompensable diagnosis (i.e., a thoracic spine injury), and that the claim administrator's order based on Dr. Jin's recommendation for a 13% PPD award should have been affirmed. The employer further argues that the MRI of the thoracic spine should

not have been authorized because there is no compensable injury to the thoracic spine. We disagree.

Here, the Board found Dr. Guberman's report was reliable and persuasive, and therefore, adopted his finding of a 27% WPI. The Board indicated that Tygart offered no evidence of its own, and further, Tygart cited Dr. Guberman's list of the compensable injuries, including a fracture of the right T1 transverse process, in its closing statement submitted to the Board. The Board specifically noted that Dr. Jin's report had not been submitted and could not be considered. The Board granted Mr. Greene a 27% PPD award and authorized a thoracic MRI based on its review of the available evidence.

Upon review, we conclude that the Board was not clearly wrong in finding that Dr. Guberman's report was reliable evidence establishing that Mr. Greene has a 27% WPI. We find that it was reasonable for the Board to accept that the fracture of the right T1 transverse process was compensable given the fact that Tygart cited a list including that diagnosis in its closing argument submitted to the Board. Further, Dr. Guberman's inclusion of a fracture of the right T1 transverse process in his list of compensable conditions is corroborated by the hospital emergency room report from Mr. Greene's initial treatment on the date of the injury. The emergency room notes document that a CT revealed a thoracic transverse process fracture. Thus, we find that the Board was not clearly wrong in finding that the fracture of the right T1 transverse process was a compensable condition in this claim. Further, we find that the Board did not err in authorizing a thoracic MRI, based on the foregoing findings.

We note that Tygart is not alleging any excusable mistake or error as a reason for its failure to offer the report of Dr. Jin into evidence, nor did Tygart acknowledge its failure.[4] "Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citing *Shaffer v. Acme Limestone Co., Inc.,* 206 W. Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)). Thus, we decline to review and consider the report of Dr. Jin in this appeal.

Finding no error in the Board's May 3, 2023, order, we affirm.

Affirmed.

**ISSUED:** September 26, 2023

---

[4] We note that when the parties provide the Board, and by extension this Court, with an adequate record/appendix it greatly assists the decision-making process.

3

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen